IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, as subrogee
of Johnathan and Martina
Benavidez,

    Plaintiff,

v.                                                         Case No.

LG ELECTRONICS, USA, Inc.

    Defendant.

## NOTICE OF REMOVAL

Defendant LG Electronics, USA, Inc. removes the above-captioned matter from the Second Judicial District Court, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and D.N.M. LR-Civ. 81.1.

**I.**     **Background and Information**

1. On January 9, 2026, Plaintiff Allstate Vehicle and Property Insurance Company, as subrogee of Jonathan and Martina Benavidez, filed a Complaint against LG Electronics, USA, Inc. ("LGE USA") in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2026-00480 ("State Court Action"). A copy of the State Court Action is attached as Exhibit A.

2. Plaintiff served LG USA via its agent for service of process on January 20, 2026. LGE USA received the documents from its agent for service of process on January 21, 2026. A copy is attached as Exhibit B.

3. As alleged in the Complaint, the subrogors of Plaintiff's two claims against LGE USA had a kitchen fire on or about March 31, 2024 (the "Subject Incident") located at 1444 Saunders Road SW, Albuquerque, New Mexico (the "Subject Property"). (*See* Ex. A-1, Complaint, ¶¶ 7-8.)

4. According to the Complaint, the subrogors made a claim to Plaintiff seeking

1

indemnification and reimbursement for damages resulting from the Subject Incident. (*See* Ex. A-1, Complaint, ¶ 10.)

5. The Complaint further provides that Plaintiff has paid or will pay $390,493.92 to the subrogors for losses arising out of the Subject Incident. (*See* Ex. A-1, Complaint, ¶ 11.)

6. In consideration of Plaintiff's payment to subrogors because of the Subject Incident, Plaintiff alleges it is subrogated to all rights, claims, and interests that the subrogors (policyholders) may have against any person or entity that may be liable for causing the reimbursed damages that resulted from the Subject Incident. (*See* Ex. A-1, Complaint, ¶ 12.)

7. Plaintiff's Complaint alleges that LGE USA is strictly liable and negligent for the design, manufacture, and sale of a range that allegedly caused a fire in subrogors home. (*See* Ex. A-1, Complaint, ¶¶ 14-29.)

8. Plaintiff seeks $390,493.92 in monetary damages and attorneys' fees and costs.

9. This case is removable to this Court because it has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

10. LGE USA has not filed an Answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

**II.     This Notice of Removal is Timely**

11. LGE USA's agent for service of process, the Corporation Service Company ("CSC"), was served with the Complaint via personal service on January 20, 2026. (*See* Ex. B at p. 1.) LGE USA received the service of process from CSC on January 21, 2026. (*Id.*) LGE USA is removing the lawsuit within 30 days of service.

**III.     This Action is Removable Pursuant to 28 U.S.C. § 1332(a)**

12.    This action is properly removable to this Court because it has original jurisdiction by way of diversity jurisdiction under 28 U.S.C. § 1332. The parties are completely diverse and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . .." For purposes of diversity, a corporation is a citizen of the state or foreign state where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

   **A.     There is Complete Diversity of Citizenship Between the Named Parties**

13.    Plaintiff Allstate Vehicle and Property Insurance Company alleges it is incorporated in Illinois and has its principal place of business in Northbrook, Illinois. (*See* Ex. A-1, Complaint, ¶ 3.) Plaintiff is a citizen of Illinois.

14.    Defendant LGE USA is incorporated in Delaware and has its principal place of business in Englewood Cliffs, New Jersey. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (concluding that the "phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). Accordingly, LGE USA is a citizen of Delaware and New Jersey.

15.    As Plaintiff is a citizen of Illinois and LGE USA is a citizen of Delaware and New Jersey, there is complete diversity between the named parties under 28 U.S.C. § 1332(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (providing that for complete diversity to be present, "the citizenship of all defendants must be different from the citizenship of all plaintiffs.").

      **B.**      **The Amount in Controversy Exceeds $75,000**

16. Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

17. Plaintiff seeks $390,493.92 in monetary damages, as well as interest, attorneys' fees, and costs. (*See* Ex. A-1, Complaint, Prayer for Relief.)

18. This amount in controversy exceeds $75,000.

**IV.**    **Venue**

19. Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2). *See also* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

**V.**    **Process, Pleadings, and Orders Served**

20. Pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ. 81.1, a true and correct copy of the State Court Action is attached to this Notice of Removal as Exhibit A. It includes a copy of the docket, the Complaint attached as Exhibit A-1, and all other process, pleadings, and orders known by LGE USA to have been served on it or otherwise filed in the Second Judicial District Court, Bernalillo County, attached as Exhibit A.

21. LGE USA also attaches as Exhibit C a copy of the Notice of Filing for Notice of Removal that is being filed with the Clerk of the Second Judicial District Court, Bernalillo County, today.

## VI. Notice of Filing Notice of Removal

22. In accordance with 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, LGE USA will provide written notice of this Notice of Removal to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico. This Notice of Removal is timely, and this Court has jurisdiction under 28 U.S.C. § 1332(a). This Notice of Removal is signed pursuant to Federal Civil Procedure Rule 11.

## VII. Conclusion

23. Throughout this Notice of Removal, LGE USA does not concede Plaintiff is entitled to any of the relief or damages sought. For purposes of the amount in controversy requirement, it "is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of litigation." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)) (internal quotations omitted). LGE USA reserves the right to contest Plaintiff's entitlement to any relief or damages.

24. Therefore, LGE USA removes the State Court Action from State Court to this Federal Court, and respectfully requests this Court make whatever orders are necessary to effectuate the removal and to effectuate the preparation of filing of a true record in this case for all proceedings that may have been had in the State Court Action.

RESPECTFULLY SUBMITTED this 17th day of February, 2026.

**WOMBLE BOND DICKINSON**

By: */s/ Nicole G. True*
Nicole G. True
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Nicole.True@wbd-us.com
602.262.5389
*Attorney for Defendant*

5

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 17th day of February 2026, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

> P. Joel Radakovich
> GROTEFELD HOFFMANN
> New Mexico Bar No. 161088
> 6034 W. Courtyard Drive, Suite 200
> Austin, Texas 78730
> Telephone: (737) 226-5300
> Email: jradakovich@ghlaw-llp.com

By: _/s/    Nicole G. True_
     Nicole G. True
     *Attorneys for Defendant*